IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**HARVEY R. JOHNSON,**

        **Petitioner,**

v.                               **Civil Action No.: 3:19-CV-191**
                                              **(GROH)**

**WARDEN HUDGINS,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On November 13, 2019, Petitioner, an inmate incarcerated at Gilmer FCI, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging a prison disciplinary procedure, along with various exhibits. ECF Nos. 1, 1-1 through 1-5.[1] On August 3, 2020, Petitioner filed a motion for a writ of mandamus. ECF No. 6. Respondent filed a motion to dismiss or for summary judgment, and memorandum in support thereof, on August 27, 2020. ECF Nos. 11, 12. Petitioner filed a motion for clarification of Respondent's motion on September 14, 2020, then a response to Respondent's motion on September 17, 2020. ECF Nos. 15, 16.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be dismissed with prejudice.

---

[1] All ECF numbers cited herein are from the instant case, 3:19-CV-191, unless otherwise noted.

## II. FACTUAL AND PROCEDURAL HISTORY

### A. Prison Disciplinary Proceedings

At the time of the events which Petitioner complains of in the instant petition, he was an inmate at FCI Fort Dix, at Joint Base McGuire-Dix-Lakehurst, New Jersey. Petitioner is serving a 270-month term of imprisonment as a result of his conviction in the Middle District of Florida, Orlando Division, case number 6:02-CR-88. There:

> Petitioner and four other individuals were charged in a three-count indictment with the commission of various bank robbery-related crimes (Criminal Case No. 6:02-cr-88-Orl-31KRS, Doc. No. 1, filed August 7, 2002). Petitioner was charged in all three counts, and he pled guilty to the charges in the absence of a plea agreement.
>
> United States Magistrate Judge Karla R. Spaulding held a hearing on the pleas and subsequently entered a Report and Recommendation Concerning Plea of Guilty (Criminal Case Doc. No. 256, filed April 22, 2003). Magistrate Judge Spaulding recommended that the pleas of guilty be accepted and that Petitioner be adjudged guilty and have sentence imposed accordingly. The Court subsequently entered an Order in which 1) the pleas were accepted, and 2) Petitioner was adjudged guilty of counts one two, and three of the indictment (Criminal Case No. 260, filed May 12, 2003). On August 15, 2003, the Court entered a Judgment In A Criminal Case, sentencing Petitioner to imprisonment for a total term of 270 months (Criminal Case Doc. No. 291). Petitioner filed a direct appeal with the Eleventh Circuit Court of Appeals, which affirmed in a written, unpublished opinion.

Johnson v. United States, No. 6:05-CV-198-ORL31KRS, 2005 WL 8161198, at *1 (M.D. Fla. Nov. 10, 2005).

While Petitioner was incarcerated at FCI Fort Dix, on June 20, 2016, at approximately 8:35 a.m., while conducting the morning census count, a correctional officer entered Petitioner's cell, and observed Petitioner "asleep in his bunk . . . with a black cell phone in his right hand." ECF No. 1-2 at 2. This was documented in incident

2

report number 2863752, which charged Petitioner with possession of a hazardous tool or other electronic device (cellular phone).  ECF No. 1-4 at 2.

Following a hearing, finding of guilt, and appellate process, on June 26, 2019,[2] Petitioner was given a re-hearing before the Discipline Hearing Officer ("DHO").  ECF No. 1-4.  Petitioner was given advance written notice of the charge on June 20, 2016, and advised of his rights related to the hearing before the DHO on June 22, 2016.  ECF No. 12-1 at 15.  At the DHO hearing, Petitioner "made no comment regarding a defense . . . but did submit 13 pages of documentation during [the] hearing.  Of those 13 pages, 5 pages were a written statement detailing his defense."  Id.  The DHO found him guilty of a violation and wrote in his report that:

> In addition to the written report the DHO considered a memorandum dated June 20, 2016 from R. Gallop, Lieutenant.
>
> . . .
>
> The DHO considered your defense; however, the DHO relied on the eyewitness account of the reporting staff member in which he clearly states that he observed you asleep in your bunk with a black cell phone in your right hand.  Further clear is that you eventually got up out of bed and Officer Hillman then observed you place this cellular phone into a black pouch.  At this point you were asked to step away from the bunk and Officer Hillman then observed you place this black pouch on top of a mesh bag.  He states that he then searched this area and retrieved the black pouch which contained this cellular phone.  Although you deny possessing a cellular phone, the DHO could find no obvious reason for the staff member to fabricate any part of this incident report and believes the staff members' observations were made strictly in the performance of his duties.  Furthermore, the reporting officer is under a legal obligation to report truthful and

---

[2] The DHO Report consists of three pages.  ECF No 12-1 at 15 – 17.  On one page the DHO hearing date is listed as June 19, 2019.  Id. at 15.  However, the DHO hearing date is listed on the second and third pages of the DHO report to have occurred on June 26, 2019, and on those same pages, the DHO's signature is dated June 26, 2019.  Id. at 16 – 17.

>accurate facts, whereas, you had much to lose by accepting responsibility or being truthful in this matter and the DHO believes that you are denying your role in this incident in an effort to avoid being sanctioned for your actions. Furthermore a second staff member was present for part of this incident and also observed you get up from your bunk and states that at this time a black pouch containing a cellular phone was recovered from the mattress you were laying on. Additionally he states that search of your property was conducted and an additional homemade black pouch was discovered along with two homemade battery packs and altered ear buds with a microphone. Although you claim the staff members contradict each other, Officer Hillman is clear in his report on what he witnesses while present during the entire incident and Lieutenant Gallop is clear on what he witnessed after arriving once this incident had started. Both clearly state that a black cellular phone was recovered from the mattress you had been laying on.

ECF No. 1-4 at 3 – 4. As a result of his conviction, Petitioner was sanctioned to 15 days of disciplinary segregation, 40 days loss of good conduct time, 90 days loss of email and phone. Id. at 4.

    **B.**    **Instant § 2241 Petition**

As his sole ground for relief, Petitioner claims that the DHO "unlawfully revoked [his] good time credits," and that the DHO's decision was unsupported by the evidence presented at the hearing. ECF No. 1 at 5. Petitioner further argues in his supplement to the petition, that the statements of the two witnesses against him were contradictory. Petitioner requests his conviction be expunged from his central file, and that his good conduct time be restored. Id. at 8.

Respondent filed a motion to dismiss and memorandum in support thereof on August 27, 2020, which concedes that Petitioner's claim was administratively exhausted. ECF No. 12 at 5. However, Respondent asserted that Petitioner was not entitled to relief for two reasons: (1) Petitioner received all the due process to which he was entitled; and

(2) there was sufficient evidence to support the decision of the DHO. ECF Nos. 11, 12. Petitioner filed a response on September 17, 2020. ECF No. 16.

Petitioner also filed two motions, a motion for mandamus [ECF No. 6], filed August 3, 2020, seeking a ruling on his petition, and a motion for clarification [ECF No. 15], filed September 14, 2020, seeking the Court to characterize Respondent's motion as a motion for summary judgment, instead of a motion to dismiss.

### III.   STANDARD OF REVIEW

#### A.   Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Cases in the U.S. District Courts.

#### B.   Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded

by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

C.  **Habeas Corpus Petitions Filed Pursuant to 28 U.S.C. § 2241**

A petition filed pursuant to § 2241 is the appropriate method to challenge a due process violation as part of a prison disciplinary proceeding. Burgess v. Dunbar, 628 Fed. Appx. 175 (4th Cir. 2015).

D.  **Motions to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited,

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

"the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus,

a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

### E. Motion for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to the nonmoving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion to, "demonstrate the absence of a genuine issue of material fact." 477 U.S. at 323. Once "the moving party has carried its

burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a verdict." Anderson, supra, at 256. Thus, the nonmoving party must present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248.

To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, supra, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, supra, at 587. "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. citing First Ntl. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 155, 1592 (1968). See Miller v. Fed. Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). Although any permissible inferences to be

drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, where, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Matsushita, supra, at 587-88. Anderson, supra, at 248-49.

## ANALYSIS

Petitioner contends that his due process rights were violated during the prison disciplinary proceedings held on June 19, 2019. ECF Nos. 1 at 5, 1-1 at. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). When a prison disciplinary hearing may result in the loss of good time credit, due process requires the following:

1. giving the prisoner written notice of the charges at least twenty-four hours before he appears for his disciplinary hearing;

2. providing the prisoner a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action;

3. allowing the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals;

4. if the prisoner is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case, permitting the prisoner the aid of a fellow prisoner, or if that is forbidden, aid from staff or a sufficiently competent inmate designated by staff; and

5. providing impartial factfinders.

Id. at 564-566, 570-571.

In the present case, the Court finds that Petitioner was provided all the due process required for a disciplinary proceeding for several reasons. First, Petitioner received notice of the disciplinary hearing on June 22, 2016, three years before the hearing was held, having had an initial hearing in 2016, which went through a full appeal process before the June 26, 2019, re-hearing. ECF No. 1-4 at 2. Second, the DHO Report includes several paragraphs which explain the specific evidence relied on to support the findings, including two statements of staff members, and the statement of Petitioner. Id. at 3 – 4. Third, Petitioner was offered the opportunity to call witnesses and present evidence, which he declined to do, but rather submitted a statement in his own defense. Id. Fourth, Petitioner is not illiterate, nor did the complexity of the issue make it unlikely that Petitioner could collect and present the evidence necessary for an adequate comprehension of the case; thus Petitioner did not require the aid of a fellow prisoner or staff. Nonetheless, Petitioner was offered staff aid and waived his right to staff assistance. Id. at 2. Finally, the DHO was an impartial factfinder, who was not the staff member who authored the Incident Report. The incident report was authored by R. Hillman, who testified before DHO M. Gyurke. ECF Nos. 1-2 at 2, 1-4 at 4.

The results of a prison disciplinary proceeding will be upheld so long as there is "some evidentiary basis" to support the decision. Superintendent v. Hill, 472 U.S. 445, 455. (1985) ("due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing." Id. at 457). Determining whether there is some evidentiary basis to support a decision:

> Does not require examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the evidence. Instead, the relevant question is

11

> whether there is any evidence in the record that could support the conclusion reached . . . .

Id. at 455 - 56. In this case, the Disciplinary Hearing Officer found Petitioner guilty of possession of a hazardous tool or other electronic device, in violation of Prohibited Act Code § 108. The reasons listed by the DHO for his finding, including the statement of the reporting staff member in the Incident Report, the statement of other the staff member, Lt. Gallop, and that Hillman and Gallop had a legal obligation to provide truthful and accurate facts and that Petitioner had much to lose by accepting responsibility and being truthful. ECF No. 1-4 at 4. This Court finds that the evidentiary requirement standard enunciated in Superintendent v. Hill, supra, was met. Therefore, the undersigned finds that the Disciplinary Hearing Officer's decision is supported by some evidence and that the Petition as a whole should be denied.

### V. RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED**. It is further **RECOMMENDED** that Respondent's Motion to Dismiss, or in the Alternative, for Summary Judgment [ECF No. 11] be **GRANTED** and that the § 2241 proceeding be **DISMISSED WITH PREJUDICE**.

This Court also **RECOMMENDS** that Petitioner's motions for mandamus [ECF No. 6] and for clarification [ECF No. 15] be **TERMINATED as moot**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should

also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:** November 24, 2020

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE